# EXHIBIT A-3

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>TWENTIETH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>CHARLOTTE</u>  COUNTY, FLORIDA

<u>Richard Haberle</u>
Plaintiff

Case # __<u>25001243CA</u>__
Judge _____

vs.
<u>Trans Union LLC</u>
 Defendant

### II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☒ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   5

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Victor Zabaleta            Fla. Bar # 118517
        Attorney or party                (Bar # if attorney)

Victor Zabaleta            09/16/2025
  (type or print name)             Date

- 3 -

Case 2:25-cv-00968-KCD-DNF    Document 1-3    Filed 10/28/25    Page 5 of 46 PageID 56

**IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA**

Case No. **25001243CA**

**RICHARD HABERLE**,

        Plaintiff,

v.

**TRANS UNION LLC**,

        Defendant.

_____/

## COMPLAINT

Plaintiff Richard Haberle ("Plaintiff") sues Trans Union LLC ("Defendant" or "Trans Union") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Charlotte County, Florida.

3. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The amount in controversy is greater than $60,000.00 exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, *et seq.*, the cause of action alleged below arose in Charlotte County Florida.

## PARTIES

5.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Charlotte County, Florida.

6.    Trans Union is a/an Delaware limited liability company with its principal place of business located in Chicago, Illinois.

## DEMAND FOR JURY TRIAL

7.    Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8.    Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

9.    Trans Union regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

10.    Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

11.    This action is the result of Trans Union's multiple failures to comply with the FCRA, whereby Trans Union [1] failed to conduct reasonable investigation regarding information disputed by Plaintiff; [2] failed to consider all relevant information submitted by Plaintiff; [3] failed to delete inaccurate or incomplete information; [4] failed to report information identified by Plaintiff as disputed; [5] failed establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff; [6] failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's

disputes; [7] failed to provide a complete or accurate disclosure of Plaintiff's file; and [8] failed to block information that is the product of identity theft from appearing on Plaintiff's credit report.

12.    On or about March-2025, Plaintiff requested a complete disclosure of Plaintiff's file from Trans Union.

13.    On or about March-2025, Trans Union provided an incomplete disclosure of Plaintiff file.

14.    The incomplete disclosure provided by Trans Union on or about March-2025 omitted full account numbers, positive payment histories, dates, status, and the identity of prior and current creditors, even though the omitted information was provided to Trans Union by the furnisher of each account.

15.    The information omitted from the disclosure provided by Trans Union on or about March-2025 was contained within Trans Union's file regarding Plaintiff at the time of the request.

16.    Plaintiff's credit report contains false, incomplete, and inaccurate information, of which includes, but is not limited to, a Mission Lane Tab Bank account and a Merrick Bank Corp account (collectively, the "Subject Information").

17.    The Subject Information is inaccurate and incomplete.

18.    The Subject Information is false, inaccurate, and incomplete because, among other things, Plaintiff is the victim of identity theft.

19.    On or about March-2025, Plaintiff notified Trans Union in writing that the Subject Information was false, inaccurate, and incomplete (the "Dispute").

20.    As part of the Dispute, Plaintiff included a copy of an FTC Identity Theft Report.

21.    Though the Dispute, Plaintiff requested Trans Union to block the Subject Information that was the product of identity theft.

22.     As part of the Dispute, Plaintiff requested a copy of Plaintiff's credit report from Trans Union.

23.     As part of the Dispute, Plaintiff included a copy of Plaintiff's driver's license, social security card, and an insurance statement.

24.     By and through the Dispute, Plaintiff provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's credit report.

25.     Trans Union received the Dispute and transmitted it to each entity that furnished information disputed by Plaintiff.

26.     Despite receiving the Dispute, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

27.     Despite receiving the Dispute, Trans Union continued to report incomplete and inaccurate information disputed by Plaintiff.

28.     Despite receiving the Dispute, Trans Union continued to report the Subject Information inaccurately.

29.     Despite receiving the Dispute, Trans Union failed to timely block the information identified as being related to identity theft.

30.     Despite receiving the Dispute, Trans Union failed to provide Plaintiff with a copy of Plaintiff's credit report.

31.     Despite receiving the Dispute, Trans Union failed to notify Plaintiff that it deemed the Dispute irrelevant and/or frivolous.

32.     As a result of Trans Union's failure to take appropriate action in response to the Dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Trans Union.

33.    On or about May-2025, Plaintiff continued to notify Trans Union in writing that false, inaccurate, and incomplete information remained on Plaintiff's credit report.

34.    On or about May-2025, Plaintiff notified Trans Union in writing that the Subject Information was false, inaccurate, and incomplete.

35.    The written correspondence Plaintiff sent to Trans Union on May-2025, contained a brief statement setting forth the nature of the dispute.

36.    As part of the written dispute Plaintiff sent to Trans Union on May-2025, Plaintiff included a copy of an FTC Identity Theft Report.

37.    As part of the written dispute Plaintiff sent to Trans Union on May-2025, Plaintiff requested Trans Union to block the Subject Information that was the product of identity theft.

38.    As part of the written dispute Plaintiff sent to Trans Union on May-2025, Plaintiff requested a copy of Plaintiff's credit report from Trans Union.

39.    Plaintiff required a full and complete copy of Plaintiff's credit report from Trans Union so to ensure, among other things, the information about Plaintiff, as maintained by Trans Union, was appropriately accurate and complete.

40.    Plaintiff requested a copy of Plaintiff's credit report directly from Trans Union in writing because obtaining a copy directly from Trans Union online required Plaintiff to create an account and agree to undesignable terms and conditions, and requesting a copy from Trans Union over the phone lacked desired privacy.

41.    As part of the written dispute Plaintiff sent to Trans Union on May-2025, Plaintiff included a copy of Plaintiff's driver's license, social security card, and an insurance statement.

42.    By and through the written dispute Plaintiff sent to Trans Union on May-2025, Plaintiff provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's credit report.

43.    Trans Union received the dispute sent by Plaintiff on or about May-2025, and transmitted such to each entity that furnished information disputed by Plaintiff.

44.    Despite receiving the dispute sent by Plaintiff on or about May-2025, Trans Union failed to include of statement of dispute in Plaintiff's credit file.

45.    Despite receiving the dispute sent by Plaintiff on or about May-2025, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

46.    Despite receiving the dispute sent by Plaintiff on or about May-2025, Trans Union continued to report incomplete and inaccurate information disputed by Plaintiff.

47.    Despite receiving the dispute sent by Plaintiff on or about May-2025, Trans Union continued to report the Subject Information inaccurately.

48.    Despite receiving the dispute sent by Plaintiff on or about May-2025, Trans Union failed to timely block the information identified by Plaintiff as being related to identity theft.

49.    Despite receiving the dispute sent by Plaintiff on or about May-2025, Trans Union failed to provide Plaintiff with a copy of Plaintiff's credit report.

50.    Despite receiving the dispute sent by Plaintiff on or about May-2025, Trans Union failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

51.    Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency, of which negatively reflects on a consumer's credit worthiness by impacting their credit score negatively.

52.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

53.     Trans Union failed to conduct a reasonable investigation into Plaintiff's disputes.

54.     Trans Union failed to review and consider all relevant information submitted by Plaintiff.

55.     Trans Union failed to conduct an independent investigation and, instead, deferred to underlying furnishers of the Subject Information despite the information Plaintiff provided to it (Trans Union).

56.     Trans Union did not conduct any independent investigation after it (Trans Union) received Plaintiff's disputes and, instead, chose to parrot the information it (Trans Union) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

57.     Trans Union possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Trans Union failed to correct the information.

58.     Trans Union's reporting of inaccurate information, despite evidence that said information is inaccurate, evidence Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

59.     Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

60.     Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

## COUNT 1
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
## <u>VIOLATION OF 15 U.S.C. § 1681e(b)</u>

61.    Plaintiff incorporates by reference ¶¶ 8-60 of this Complaint.

62.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

63.    Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

64.    Trans Union further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

65.    Trans Union further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

66.    Trans Union's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

67.    Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] continually placing

inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

68.    In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

69.    The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

70.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

71.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

72.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

73.     As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

74.     WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681i

75.     Plaintiff incorporates by reference ¶¶ 8-60 of this Complaint.

76.     On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

77.     On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

78.     On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

79.     On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Trans Union on or about May-2025.

80.     On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

81.     On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff about May-2025.

82.     Trans Union further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

83.     Trans Union further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in Plaintiff's credit report.

84.     Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate; [i]

failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

85. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

86. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

87. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

88. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

89. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

90. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or

proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681g(a)**

91.     Plaintiff incorporates by reference ¶¶ 8-60 of this Complaint.

92.     On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's credit report, despite Plaintiff's multiple requests accompanied by proper identification, of which included a copy of Plaintiff's driver's license, social security card, and an insurance statement.

93.     Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

94.     In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

95.     The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

96.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

97.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

98.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

99.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 4
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
### VIOLATION OF 15 U.S.C. § 1681g(a)

100.    Plaintiff incorporates by reference ¶¶ 8-60 of this Complaint.

101.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to Plaintiff all of the information in Trans Union's file at the time of Plaintiff's request.

102. When Trans Union produces and sells reports regarding Plaintiff to third parties, the full account numbers of the tradelines are included in its reports, demonstrating its ability to comply with the duty of full disclosure imposed by 15 U.S.C. § 1681g(a)(1).

103. Complete account numbers are necessary for a consumer to research and evaluate the information contained therein.

104. Trans Union owed a duty to Plaintiff, as obligated by 15 U.S.C. § 1681(a)(1), to disclose all the information in Plaintiff's file at the time of Plaintiff's request, of which includes full and complete account numbers.

105. Trans Union willful, or alternatively negligent, failure to provide full and complete account numbers thwarted Plaintiff's ability to properly scrutinize and evaluate the information contained in Plaintiff's credit report.

106. Due to widespread systemic failures, Trans Union's automated system omits complete account numbers reported by data furnishers. Trans Union is aware of such widespread systemic failures, the resulting breach of duty, and the negative consequences it has on the consumer, yet continues the unlawful practice.

107. Despite the fact that the full account number was disclosed to Trans Union by the underlying furnisher and was otherwise part of Plaintiff's file at the time of Plaintiff's request on March-2025, Trans Union failed to disclose the full account number of the LVNV Funding account, the Midland Credit Management Account, the Jefferson Capital Systems account, and the IC Systems Inc account to Plaintiff.

108. Trans Union 15 U.S.C. § 1681(a)(1) by failing to provide the complete account numbers, as such information is necessary for a consumer to research and evaluate the information contained therein.

109. Having a duty to disclose all of the information regarding the accounts in the Plaintiff's file, Trans Union breached its duty by failing to provide the complete account numbers, as such information is necessary for a consumer to be able to research and evaluate the information contained therein.

110. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's complete disclosure of credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

111. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

112. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

113. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

114. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

115. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

116.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681c-2(a)

117.    Plaintiff incorporates by reference ¶¶ 8-60 of this Complaint.

118.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the Subject Information identified by Plaintiff as resulting from identity theft, despite receiving a copy of an FTC Identity Theft Report from Plaintiff.

119.    Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681c-2(a) by refusing to block the Subject Information related to identity theft within four business days of receiving Plaintiff's requests and supporting documentation, despite clear evidence that the information resulted from identity theft.

120.    In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681c-2(a) by failing to exercise reasonable care in processing Plaintiff's requests to block identity theft-related information and failing to block such information as required.

121.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

122.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

123.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

124.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

125.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

DATED: September 15, 2025

Respectfully Submitted,

 /s/ Ivory Hadaway                              .
**IVORY HADAWAY, ESQ.**
Florida Bar No. 1043061
E-mail:    Ivory@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:    954-955-8298

*COUNSEL FOR PLAINTIFF*

Filing # 231697580 E-Filed 09/16/2025 05:38:47 PM

**IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA**

**Case No.** 25001243CA

**RICHARD HABERLE,**

      Plaintiff,

v.                                     **CIVIL ACTION SUMMONS**

**TRANS UNION LLC,**

      Defendant.

_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

Trans Union LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, Florida 32301

      Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Thomas Patti, Esq., Patti Zabaleta Law Group, 110 SE 6th Street Suite 1732 Fort Lauderdale, Florida 33309, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: _____09/17/2025_____

Roger D. Eaton, Clerk of the Court

By: _____

As Deputy Clerk

FILED: 09/16/2025 05:38 PM: Roger D. Eaton, Clerk of the Circuit Court, Charlotte County, FL DIN4

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Dated: September 15, 2025

Respectfully Submitted,

 /s/ Ivory Hadaway                                      .
**IVORY HADAWAY, ESQ.**
Florida Bar No. 1043061
E-mail:    Ivory@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
Patti Zabaleta Law Group
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:    954-955-8298

*COUNSEL FOR PLAINTIFF*

Filing # 231697580 E-Filed 09/16/2025 05:38:47 PM

**IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA**

Case No. **25001243CA**

**RICHARD HABERLE**,

        Plaintiff,

v.

**TRANS UNION LLC**,

        Defendant.

_____/

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

        Plaintiff Richard Haberle propounds the following discovery requests on Defendant Trans Union LLC. Responses to these discovery requests are due 45-days from the below service date. Attached as Appendix "A" are definitions of terms and phrases used in these discovery requests.

        The responses to these discovery requests must be sent *via* e-mail to: **Ivory Hadaway, Esq.**, at Ivory@pzlg.legal and **Brad Ryser**, at brad@pzlg.legal.

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that on September 15, 2025, the foregoing was electronically filed with the Clerk of the Court using Florida e-Filing portal, of which will send a notice of electronic filing to all counsel of record.

        /s/ Ivory Hadaway         .
**IVORY HADAWAY, ESQ.**
Florida Bar No. 1043061
E-mail:    Ivory@pzlg.legal
Phone:    954-955-8298

*COUNSEL FOR PLAINTIFF*

FILED: 09/16/2025 05:38 PM: Roger D. Eaton, Clerk of the Circuit Court, Charlotte County, FL DIN5

## REQUEST FOR PRODUCTION OF DOCUMENTS

*Please produce copies of the following documents*:

(1)     All consumer reports, credit reports, consumer disclosures, updates or other compilation of information in Plaintiff's file, both presently and in the past, including any historical or archived documents.

(2)     All records of communications between Plaintiff and Defendant, including all documents, records of telephonic communications, log books or other records.

(3)     All records of communications between Defendant and any party furnishing information related to Plaintiff or Plaintiff's identifiers, including all furnisher data, reinvestigation documents, records of telephonic communications, CDV's, ACDV's, UDF's, AUD's, and notices of modification or deletion sent pursuant to 15 U.S.C. § 1681i(a)(5)(A).

(4)     All records of communications – including but not limited to any supporting documentation, specific requests for information, UDF's, AUD's, tape updates, Source Data Review documents, instructions, notes, screens, logs, policies, or legal requirements – relating to Plaintiff, Plaintiff's file or any information contained in Plaintiff's file.

(5)     All records of actions taken by the Consumer Relations Center in relation to plaintiff or any of plaintiff's personal identifiers.

(6)     The entire database relating to Plaintiff (*i.e.*, all screens) including but not limited to:

> (a)     "consumer personal information" screens;
> (b)     "consumer address information" screens;
> (c)     "suppression set detail" screens;
> (d)     "trade set detail" screens;
> (e)     "history search summary" screens;
> (f)     "detail line summary" screens;
> (g)     "expanded trade set detail" screens;
> (h)     "consumer request entry" screens;
> (i)     "credit file selection" screens;
> (j)     "inquiry set detail" screens;
> (k)     "address information" screens;
> (l)     "public record detail" screens;
> (m)     "dispute verification menu" screens;
> (n)     "ACDV subscriber responses" screens;
> (o)     "combine audit reports" screens;
> (p)     "consumer request display" screens;
> (q)     "activity log" screens;
> (r)     "comment summary" screens;
> (s)     "individual "comment" screens.

(7)     All documents containing the current names addresses and telephone numbers of persons who communicated with Plaintiff, worked on any aspect of Plaintiff's disputes or altered any information in Plaintiff's file.  Defendant may produce a list of witnesses with names, addresses and telephone numbers in lieu of the documents requested.

(8)     All name scans relating to Plaintiff during the relevant time period.

(9)     All permanent unify records, combine audit logs, or online combine audit logs relating to Plaintiff.

(10)    All audit 16 records relating to Plaintiff.

(11)    All journal 20 records relating to Plaintiff.

(12)    All audit trail documents relating to Plaintiff.

(13)    All documents concerning whether Plaintiff's file was mixed with that of any other consumer(s) and any action taken to unmix plaintiff's file or prevent it from being mixed, as well as the date and reason why the files became mixed.

(14)    All documents concerning how any information that does not belong to Plaintiff became incorporated into Plaintiff's file, and all documents related to procedures followed and action taken to prevent inaccurate information from being reported about Plaintiff or appearing in Plaintiff's file.

(15)    All documents relating to procedures for deleting or correcting inaccurate or unverifiable information and to assure that items disputed by a consumer, which are deleted or corrected, as inaccurate or unverifiable, do not subsequently appear on that consumers credit reports.

(16)    All documents, manuals, guides, or other materials related to mixed files, including procedures and algorithms for assigning information reported to Defendant to a consumer's file, and functions, procedures, programs, or computer-aided methods to prevent mixed files or to unmix files that have been mixed.

(17)    All documents relating to procedures to assure compliance with 15 U.S.C. § 1681i, including procedures for deleting or correcting inaccurate or unverifiable information.

(18)    All documents relating to procedures to assure compliance with 15 U.S.C. § 1681e, including procedures to prevent mixing credit information of two or more different people and to correct credit reports or credit files that include credit information from two or more different people.

(19)    All records, including invoices or billing records, of furnishing, printing or selling any consumer report, data, or score relating to plaintiff within the past five years, including the information that was furnished, the date the information was furnished, the name and address of the party who received the information, the price paid, and all invoices or billing records.

(20)    All agreements with any contractor, agent, company or person hired by Defendant to communicate with, respond to, reinvestigate or take any action pertaining to Plaintiff or plaintiff's file.

(21)    All agreements under which any subscriber, furnisher or public record vendor or reseller reported information or accessed information related to Plaintiff.

(22)    Employment and salary records of everyone who communicated with Plaintiff, worked on any aspect of Plaintiff's disputes or altered any information in Plaintiff's file, and all programs under which employees who communicate with consumers or handle any aspect of consumer disputes are provided any bonus, pay, or other incentive.

(23)    All documents and/or correspondence that refers to or relates to any fact(s) which may be relevant in this case excluding letters between defendant and its attorney.

(24)    All manuals, tests, video tapes, books or other documents pertaining to the training and supervision of defendant's employees or agents as to compliance with the Fair Credit Reporting Act, including 15 U.S.C. § 1681i and § 1681e.

(25)    All cost/benefit analysis regarding expenditures necessary for compliance with 15 U.S.C. § 1681i or the reinvestigation of disputed credit information.

(26)    All budgets or projections prepared within the preceding five years, allocating resources or expenditures to the conducting of reinvestigation under 15 U.S.C. § 1681i.

(27)    All documents concerning the number of consumer disputes investigated as mixed file matters (according to your own criteria for identifying mixed files) in each of the previous five years.

(28)    All documents which contain any data about complaints, assessments, audits, reports or studies on the accuracy of information in Defendant's consumer reports, including mixed files.

(29)    All documents showing claims or actions against defendant for violations of the FCRA brought by consumers or government agencies during the previous five years.

(30)    All documents showing defendant's current net worth, and pretax profits for the five years preceding and including the year of trial.

(31)   All documents stating the meaning or definition of any codes, shorthand, terms or abbreviations appearing in any of the requested documents.

(32)   All other documentary evidence that relates to Plaintiff's claims, or Defendant's defenses or affirmative defenses.

**\*\*\* END OF PRODUCTION REQUESTS \*\*\***

## INTERROGATORIES

(1)    Identify each Person that Defendant has furnished a copy of Plaintiff's consumer report since January 01, 2018.

**RESPONSE:**

(2)    For each Person that Defendant has furnished a copy of Plaintiff's consumer report since January 01, 2018, state the date of the Person's request.

**RESPONSE:**

(3)    Separately for each Person that Defendant has furnished a copy Plaintiff's consumer report since January 01, 2018, state exactly what "consumer identification information" that Person provided to Defendant to identify the consumer on whom it was requesting the report.

**RESPONSE:**

(4)    Identify each document that contains or reflects the "consumer identification information" that the Person submitted to Defendant which led to Defendant furnishing that person with a copy of Plaintiff's consumer report.

**RESPONSE:**

(6)     Explain in detail what Defendant requires as "Proper identification" from a consumer before Defendant will send that consumer a copy of his or her consumer disclosure.

**RESPONSE:**

(7)     Explain in detail the minimum "consumer identification information" that Defendant requires a Person to provide to Defendant before Defendant will send that Person a consumer report.

**RESPONSE:**

(8)     Identify each communication that Defendant has had with Plaintiff within the past five (5) years of present day.

**RESPONSE:**

(9)     Separately with respect to each item of information that Plaintiff disputed as inaccurate, describe what Defendant did to reinvestigate that information and identify the employee(s) who conducted the reinvestigation.

**RESPONSE:**

(10)    Fully describe the procedures of Defendant since January-2018 for investigating an account that is reported as a fraudulent account.

**RESPONSE:**

(11)    Provide a complete Audit Trail for Defendant's file on Plaintiff.

**RESPONSE:**

(13)    In chronological order for the period from January 1, 2018, to present, state each address Defendant has had in its files as Plaintiff's address and the period(s) during which that address was shown in Defendant file as plaintiff's current address.

      **RESPONSE:**

(14)    For each address listed in your response to Interrogatory No. 11, identify the person or entity that furnished the information that caused Defendant to list that address as Plaintiff's current address for that period of time.

      **RESPONSE:**

(15)    For each change Defendant made after January 1, 2018, to Plaintiff's date of birth in its file, explain why Defendant changed that date, state the new date it put in Plaintiff's file, state when Defendant made that change, and identify the person or entity that supplied the information that Defendant relied upon in making this change.

      **RESPONSE:**

**\*\*\* END OF INTERROGATORIES \*\*\***

**VERIFICATION**

Under penalties of perjury, I, the undersigned affiant, declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct.

_____
AFFIANT SIGNATURE

_____
PRINTED NAME OF AFFIANT

_____
CAPACITY / TITLE OF AFFIANT

**BEFORE ME**, the undersigned authority, personally appeared _____,

who produced as identification _____, bearing

number _____ expiring on _____ who

did take an oath, who stated that he/she is the person noted above, and that, according to his/her

best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 202_____.

_____
SIGNATURE OF NOTARY

_____
PRINTED NAME OF NOTARY

SEAL OF NOTARY

Page **9** of **11**

**APPENDIX "A" - DEFINITIONS**

(1)    "Action" shall mean the above captioned matter.

(2)    "Any," "All," and "each" shall be construed as any, all and each.

(3)    "And" shall mean and/or.

(4)    "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)    "Complaint" means the operative Complaint filed in the above captioned action.

(6)    "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(7)    "Defendant," "you," and "your" shall mean Trans Union LLC, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(8)    "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Fed. R. Civ. P. 26, 33, 34 and 36.

(9)     "FCRA" means the Fair Credit Reporting Act.

(10)     "Including" means: (1) including, but not limited to, or (2) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(11)     "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(12)     "Or" shall mean and/or.

(13)     "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(14)     "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(15)     "Plaintiff" or "Plaintiff's" shall mean the above-captioned Plaintiff.

(16)     The term "file" has the meaning contained in 15 U.S.C. § 1681a(g).

(17)     The term "mixed file" means a consumer report or file that contains any information about a person other than the person who is the subject of that consumer report or file.

(18)     The term "consumer report" has the meaning contained in 15 U.S.C. § 1681a(d).

(19)     "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action and ends on October 18, 2021.

Case 2:25-cv-00968-KCD-DNF    Document 1-3    Filed 10/28/25    Page 37 of 46 PageID 88

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND
FOR CHARLOTTE COUNTY, FLORIDA                        CIVIL ACTION

CASE NO: 25001243CA

_____/

## STANDING ORDER
## CIRCUIT CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT

PURSUANT to Florida Rule of Civil Procedure 1.200 (b) and (d) (4) as amended effective January 1, 2025, Florida Rule of Judicial Administration 2.545, the parties are ordered to adhere to the following information and procedures applicable to civil lawsuits in the Charlotte County Circuit Court:

1. **SERVICE OF THIS ORDER.**  The Plaintiff is directed to serve a copy of this order with each Summons issued in this case.  One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service. The Plaintiff shall pay the appropriate statutory clerk's fees for copies for each Standing Order issued and attached to the Summons.

2. **CIVIL CASE MANAGEMENT SYSTEM.**  The Supreme Court of Florida has established guidelines and directives for the prompt processing and resolution of civil cases and the issuance of a case management plan to help meet those guidelines.  In contested cases (other than involuntary commitment of sexually violent predators , Extraordinary Writs, 90 day Notice of Medical Malpractice Claim,  and Administrative Appeals), the parties are required to participate in the case management system.  <u>The Court will issue a Case Management Plan 120 days from the date of the filing of a case.</u> However, if it becomes necessary to amend the court issued Case Management Plan, the parties may submit an Agreed Court Ordered Case Management Plan *subject to the courts approval*, or if the parties cannot agree on an Amended Plan the parties may request a case management conference.

The Agreed Court Ordered Case Management Plan in fillable format may be accessed on the Court's website at: https://www.ca.cjis20.org/Programs/Civil-Case-Management/generalcivil.aspx If a Case Management Conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory. The Agreed Case Management Plans and Order are to be submitted through the  E-Filing Portal at https://www.myflcourtaccess.com/default.aspx and must include a cover letter to Civil Case Management.

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).**  ADR provides parties with an out-of-court alternative for settling disagreements.  The Court requires the parties to participate in ADR prior to trial.  Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties. The Court, at its discretion, may order the case be referred to Non-Binding Arbitration. Non-Binding Arbitration is the process in which the court refers a case to a registered arbitrator, or panel of arbitrators, who will hear evidence and make an award which may become a final judgment if a Motion for Trial De Novo is not timely filed pursuant to Fla. R. Civ. P. 1820(h).

Page 1 of 2

FILED: 09/16/2025 05:38 PM: Roger D. Eaton, Clerk of the Circuit Court, Charlotte County, FL DIN6

4.  **FAILURE TO PROSECUTE.** The Court will issue a Notice of Intent to Dismiss a case if there is no record of activity within a ten (10) month period of time.

5.  **RULES OF PROFESSIONALISM.**  The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel practicing within the Circuit and self-represented litigants.  The Court requires that all parties familiarize themselves and comply with Administrative Order 2.20.  Administrative Order 2.20 may be viewed on the Court's website at: http://www.ca.cjis20.org/web/main/ao_admin.asp

**DONE AND ORDERED** in Chambers at Punta Gorda, Charlotte County, Florida, on May 2, 2025

Hon. Geoffrey H. Gentile *(electronically signed)*
Administrative Circuit Judge

Hon. Russell T. Kirshy *(electronically signed)*
Circuit Judge

**ROGER D. EATON**
**CHARLOTTE COUNTY CLERK OF THE CIRCUIT COURT AND COMPTROLLER**
**350 EAST MARION AVENUE**
**PUNTA GORDA, FLORIDA 33950**

**Charlotte County Receipt of Transaction**

**Receipt # 2025045974**

CATAFFO, KERRY                                      Cashiered by:  brittanyw
110 SE 6TH STREET                                   On: 09/17/2025   9:09 am
SUITE 1732                                          Transaction # 1380126
FORT LAUDERDALE, FL  33301

**CaseNumber:  25001243CA  KERRY CATAFFO  -VS-  TRANS UNION LLC**
**Date Filed: 09/17/2025  Judge Assigned: GEOFFREY H GENTILE**

| Fee Description | Fee | Prior Paid | Due | Paid | Balance |
|---|---|---|---|---|---|
| (1499) MISCELLANEOUS  - CA | 400.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (E9103) SUMMONS ISSUED-CIR CIV | 10.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| Total | 410.00 | 0.00 | 410.00 | 410.00 | 0.00 |
| Grand Total | 410.00 | 0.00 | 410.00 | 410.00 | 0.00 |

**PAYMENTS**

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| EFILE | 231697580 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | | | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |

Page 1 of 1

Filing # 233593547 E-Filed 10/14/2025 12:38:14 PM

**IN THE COUNTY COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA**

Case No. 25001243CA

RICHARD HABERLE,

      **Plaintiff,**

v.

TRANS UNION LLC,

      **Defendant.**

_____/

**NOTICE OF COMPLIANCE**

Plaintiff Richard Haberle submit this Notice of Compliance regarding the initial discovery

disclosures required by Fla. R. Civ. P. 1.280 and states that Plaintiff provided the required

disclosures to Defendant Trans Union LLC on 8th October 2025.

      DATED: October 14, 2025

                           Respectfully Submitted,

                           /s/ Ivory Hadaway_____
                           **IVORY HADAWAY, ESQ.**
                           Florida Bar No. 1043061
                           E-mail:    Ivory@pzlg.legal
                           PATTI ZABALETA LAW GROUP
                           110 SE 6th Street, 17th Floor
                           Fort Lauderdale, Florida 33301
                           Phone:    954-955-8298

                           *COUNSEL FOR PLAINTIFF*

Page **1** of **2**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 14, 2025, the forgoing was electronically filed via

the Court's e-filing system on all counsel of record.

/s/ Ivory Hadaway
**IVORY HADAWAY, ESQ.**
Florida Bar No. 1043061

Filing # 233641396 E-Filed 10/14/2025 06:08:43 PM

## RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Charlotte** | **20th Judicial Circuit Court** |

Case Number: 25001243CA

Plaintiff:
**Richard Haberle**

vs.

Defendant:
**Trans Union LLC**



BPC2025005295

For:
Thomas J. Patti
Patti Zabaleta Law Group
tom@pzlg.legal, victor@pzlg.legal
3323 NW 55th Street
Ft. Lauderdale, FL 33309

Received by WILL RISER on the 7th day of October, 2025 at 4:22 pm to be served on **Trans Union LLC c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301**.

I, WILL RISER, do hereby affirm that on the **8th day of October, 2025** at **12:00 pm, I:**

served a **CORPORATE, PARTNERSHIP, ASSOCIATION** Served the within named business entity by delivering a true copy of **Summon, STANDING ORDER CIRCUIT CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT, CIVIL COVER SHEET, COMPLAINT, PLAINTIFF'S INITIAL DISCLOSURES, and PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS** to: **Andrew Drigger** as Customer service associate, a Designated employee of the Registered Agent , pursuant to the requirements of Fla. Stat. 48.091, and informed said person of the contents therein, at **1201 Hays St., Tallahassee, FL 32301.** on behalf of **Trans Union LLC**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good stan ding, in the judicial circuit in which the process was served. "under penalties of perjury, i declare that i have read the foregoing document and that the facts are true" f.s.92.525. Notary not required pursuant to fs 92.525

**Description** of Person Served: Age: 40, Sex: M, Race/Skin Color: White, Height: 5'10", Weight: 200, Hair: Balding, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good stan ding, in the judicial circuit in which the process was served. "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO FS 92.525

**WILL RISER**
Process Server 288

**ALL BROWARD PROCESS CORP**
**701 N FIG TREE LANE**
**PLANTATION, FL 33317**
**(954) 214-5194**

Our Job Serial Number: BPC-2025005295

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

| DELIVERED | 10/8/2025 12:00 PM |
|---|---|
| SERVER | WR |
| LICENSE | Process Server 288 |

## IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
## IN AND FOR CHARLOTTE COUNTY, FLORIDA

### Case No. 25001243CA

**RICHARD HABERLE,**

     Plaintiff,

v.                                        **CIVIL ACTION SUMMONS**

**TRANS UNION LLC,**

     Defendant.

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

Trans Union LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, Florida 32301

     Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Thomas Patti, Esq., Patti Zabaleta Law Group, 110 SE 6th Street Suite 1732 Fort Lauderdale, Florida 33309, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: _____09/17/2025_____

Roger D. Eaton, Clerk of the Court

By: _____

As Deputy Clerk

FILED: 09/16/2025 05:38 PM: Roger D. Eaton, Clerk of the Circuit Court, Charlotte County, FL DIN4
FILED: 10/15/2025 09:33 AM: Roger D. Eaton, Clerk of the Circuit Court, Charlotte County, FL DIN9

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Dated: September 15, 2025

Respectfully Submitted,

 /s/ Ivory Hadaway                              .
**IVORY HADAWAY, ESQ.**
Florida Bar No. 1043061
E-mail:    Ivory@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
Patti Zabaleta Law Group
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:    954-955-8298

*COUNSEL FOR PLAINTIFF*

Filing # 231697580 E-Filed 09/16/2025 05:38:47 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND
FOR CHARLOTTE COUNTY, FLORIDA                    CIVIL ACTION

CASE NO:

_____/

**<u>STANDING ORDER</u>**
**<u>CIRCUIT CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT</u>**

PURSUANT to Florida Rule of Civil Procedure 1.200 (b) and (d) (4) as amended effective January 1, 2025, Florida Rule of Judicial Administration 2.545, the parties are ordered to adhere to the following information and procedures applicable to civil lawsuits in the Charlotte County Circuit Court:

1. **<u>SERVICE OF THIS ORDER.</u>**  The Plaintiff is directed to serve a copy of this order with each Summons issued in this case.  One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service. The Plaintiff shall pay the appropriate statutory clerk's fees for copies for each Standing Order issued and attached to the Summons.

2. **<u>CIVIL CASE MANAGEMENT SYSTEM.</u>**  The Supreme Court of Florida has established guidelines and directives for the prompt processing and resolution of civil cases and the issuance of a case management plan to help meet those guidelines.  In contested cases (other than involuntary commitment of sexually violent predators , Extraordinary Writs, 90 day Notice of Medical Malpractice Claim,  and Administrative Appeals), the parties are required to participate in the case management system.  <u>The Court will issue a Case Management Plan 120 days from the date of the filing of a case.</u> However, if it becomes necessary to amend the court issued Case Management Plan, the parties may submit an Agreed Court Ordered Case Management Plan *subject to the courts approval*, or if the parties cannot agree on an Amended Plan the parties may request a case management conference.

The Agreed Court Ordered Case Management Plan in fillable format may be accessed on the Court's website at: https://www.ca.cjis20.org/Programs/Civil-Case-Management/generalcivil.aspx If a Case Management Conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory. The Agreed Case Management Plans and Order are to be submitted through the  E-Filing Portal at https://www.myflcourtaccess.com/default.aspx and must include a cover letter to Civil Case Management.

3. **<u>ALTERNATIVE DISPUTE RESOLUTION (ADR).</u>**  ADR provides parties with an out-of-court alternative for settling disagreements.  The Court requires the parties to participate in ADR prior to trial.  Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties. The Court, at its discretion, may order the case be referred to Non-Binding Arbitration. Non-Binding Arbitration is the process in which the court refers a case to a registered arbitrator, or panel of arbitrators, who will hear evidence and make an award which may become a final judgment if a Motion for Trial De Novo is not timely filed pursuant to Fla. R. Civ. P. 1820(h).

FILED: 10/15/2025 09:33 AM: Roger D. Eaton, Clerk of the Circuit Court, Charlotte County, FL DIN9

4. **FAILURE TO PROSECUTE.** The Court will issue a Notice of Intent to Dismiss a case if there is no record of activity within a ten (10) month period of time.

5. **RULES OF PROFESSIONALISM.** The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel practicing within the Circuit and self-represented litigants. The Court requires that all parties familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: http://www.ca.cjis20.org/web/main/ao_admin.asp

**DONE AND ORDERED** in Chambers at Punta Gorda, Charlotte County, Florida, on May 2, 2025

Hon. Geoffrey H. Gentile *(electronically signed)*
Administrative Circuit Judge

Hon. Russell T. Kirshy *(electronically signed)*
Circuit Judge

FILED: 10/15/2025 09:33 AM: Roger D. Eaton, Clerk of the Circuit Court, Charlotte County, FL DIN9